IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | No. 3:06-CR-0369-0 |
| v. § | |
| § | |
| RONALD C. PEARSON § | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S CLARIFYING MOTION
WITH RESPECT TO DEFENDANT'S CLAIM AS TO PERSONAL PROPERTY

The defendant, Ronald C. Pearson, has filed motion that seeks to clarify aspects of his previously-filed motion for the return of personal property seized from his residence during the execution of a federal search warrant. For the reasons set forth below, the government continues to oppose the return of the specified personal property.

On August 26, 2009, Pearson filed a motion under Federal Rule of Criminal Procedure 41(g) seeking the return of personal property seized from his residence in November 2006 by United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) agents during the execution of a federal search warrant. Specifically, Pearson sought the return of a computer, a printer, a Polaroid camera, an address book, "a sack containing personal papers, bills, receipts, records, etc.," and any additional items seized during the course of the search of his residence. Verified Motion for Return of Personal Property (hereinafter, "Motion for Return of Property"), at 1-2. The government opposed the return of the specified property on the grounds that Pearson waived or abandoned his rights to the computer and associated hardware, and the Polaroid

U.S. Opposition to Motion for Return of Property - p. 1

camera, and that under Rule 41 it was entitled to retain the remaining evidence because Pearson has appealed his conviction.

In this latest motion, Pearson concedes that "in all probability," he consented to "relinquish . . . control of the physical objects that were part of and used in his offense conduct," including specifically the computer, hard drive, printer and Polaroid camera seized during the search. Clarifying Motion with Respect to Defendant's Claim as to Personal Property (hereinafter "Defendant's Clarifying Motion"), at 1. Pearson continues to maintain, however, that he did not waive his rights to the written records and documents seized during the search, including any identification (e.g., social security card, drivers license, or passport), any financial documents, or his address book. *Id*. at 2.

In its opposition to the Rule 41 motion, the government provided documentary evidence showing that Pearson in fact forfeited all rights he had in the "electronic" evidence. *See* Government's Response to Defendant's Motion for Return of Personal Property (hereinafter "Government's Opposition), at 7. Pearson apparently now concedes this and no longer seeks the request of the specified "electronic" evidence. Defendant's Clarifying Motion, at 1.

Regardless, the government continues to oppose the return of the seized records and documents. As set forth in the government's prior opposition, where no indictment is pending a Court should exercise its equitable jurisdiction to hear a defendant's Rule 41(g) motion only where the continued deprivation of the property will cause the defendant irreparable harm, and that harm outweigh's the government's legitimate law enforcement

U.S. Opposition to Motion for Return of Property - p. 2

needs. *See* Government's Opposition, at 7 (citing *In Re Search of Law Office, Residence, and Storage Unit of Alan Brown*, 341 F. 3d 404, 415 (5th Cir. 2003). In this case, Pearson cannot (and does not even make an effort to) establish that he will suffer any irreparable harm if the Court does not order the return of the documentary evidence. The property will not be returned to him because he is incarcerated, and he has not identified how or why he needs any of the specified records <u>now</u>. *See* Government's Opposition, at 8.[1] Additionally, the government has a significant continuing need for the evidence, as Pearson has challenged his conviction. *See id*.

    For the reasons stated above, the United States respectfully requests the Court deny the defendant's instant motion and the prior motion for the return of personal property in their entirety.

Date:  November 6, 2009

                                    JAMES T. JACKS
                                    UNITED STATES ATTORNEY

                                  /S/ Paul Yanowitch
                                Assistant United States Attorney
                                Illinois Bar No. 6188269
                                1100 Commerce Street, Third Floor
                                Dallas, Texas  75242
                                Telephone:  214.659.8600
                                Facsimile:  214.659.8618
                                paul.yanowitch@usdoj.gov

---

[1] At some time after the search of the residence, and in response to his request, the government delivered to Pearson a copy of the address book seized during the search. The government will similarly make copies of any of the non-contraband records, documents or items seized during the search at defendant's request, and deliver them to his designated agent..

U.S. Opposition to Motion for Return of Property - p. 3

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November 2009, a true and correct copy of the foregoing Government's Opposition to Defendant's Motion for Return of Property, was served by first-class mail on the defendant, appearing pro se, at the following address:

>Ronald Pearson
>Reg. No. 36037-177
>Federal Correctional Institution - Seagoville
>P.O. Box 9000
>Seagoville, TX 75159-9000

>/S/ Paul Yanowitch
>Assistant United States Attorney