IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 3:06-CR-369-R(01) |
| | § | |
| RONALD C. PEARSON | § | **ECF** |

**UNITED STATES' RESPONSE TO DEFENDANT'S SECOND MOTION AND REQUEST FOR MODIFICATION OF SENTENCE**

For the second time, the defendant, Ronald Pearson, has filed a motion asking this Court to modify the terms and conditions of supervised release included in his sentence. Invoking the district court's continued jurisdiction over aspects of the sentence under 18 U.S.C. § 3583(e)(2), Pearson argues he is entitled to this relief for two reasons: first, several standard and special conditions of supervised release, at least in their present form, are unconstitutionally vague or constitute impermissible delegations of judicial authority and, therefore, must be rescinded or modified; and, second, both the term of supervised release imposed and the specified conditions of supervision, individually and together, are more severe than necessary to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a).

The United States respectfully maintains that the Court should not consider the substance of any of Pearson's claims because his motion is untimely: it is too late to challenge the length of the term of supervised release or the reasonableness of the

decision to include any of the substantive terms and conditions; and, it is premature to seek modification of any term or condition on any other basis as long as the defendant remains incarcerated.

## FACTS

In December 2006, Pearson was charged by a grand jury in this district with several counts of knowingly receiving and possessing child pornography in violation of 18 U.S.C. § 2252(a).  *See* Doc. #10.[1]  Pearson subsequently pleaded guilty to one count in the indictment, *see* Doc. # 26, and this Court entered judgment on May 8, 2009, sentencing the defendant to a term of imprisonment of 70 months and lifetime supervision.  Doc. # 50.[2]  The Court's sentencing order included both standard and special conditions of supervised release. The standard conditions included the requirements that the defendant not leave the judicial district without the permission and that in appropriate circumstances he notify third parties of his status as a sex offender.  *See* Doc. #50 at 3, Standard Conditions Nos. 1, 13.  The special conditions included directives that he participate in sex offender treatment services as directed by his probation officer; that he not have any form of unsupervised contact with minors under the age of 18 without prior approval of his probation officer; that he not possess nor have under his control or seek out "any pornographic, sexually oriented or sexually stimulating materials"; that he not

---

[1] Citations to documents filed in this case are to the corresponding docket entry.

[2] This Court initially entered judgment against Pearson on December 21, 2007. (Doc. # 43). The Court reentered judgment in May 2009 to allow Pearson to file an appeal of his conviction and sentence. (Doc. #50).

U.S. Opposition to Defendant's Second Motion for
Modification of Sentence -- p. 2

date or befriend anyone who has children under the age of 18, unless approved in advance by his probation officer; that he not work as a teacher or tutor; and, that he not work as a nurse or as a home health care worker without the probation officer's approval. *Id*. at 4.

On May 15, 2009, the defendant appealed his conviction and sentence. Doc. # 51. In his appeal, Pearson argued, among other things, that the imposed sentence was substantively unreasonable and the conditions of supervised release were unconstitutionally overbroad and more severe than necessary. *See* Doc. # 76. Several months later, in September 2009, while his appeal was still pending, Pearson filed a motion with this Court seeking modification of the length and conditions of his supervised release – the same relief he seeks in the instant motion. Docs. # 63, 64. The Court denied Pearson's request two days later, holding that the motion was premature "as Defendant remains incarcerated." Doc. # 66. Pearson filed an appeal of this Court's decision, *see* Doc. # 68, which was dismissed later by the Fifth Circuit for want of prosecution. Doc. # 73.

On May 13, 2010, the Fifth Circuit affirmed this Court's judgment of conviction and sentence. Doc. # 76. The circuit court noted that Pearson's plea agreement included a broad waiver of his appellate rights, which barred his challenge to the sentence. *Id*. at 2.

Pearson presently is scheduled to be released from the Bureau of Prisons in November 12, 2012. (Telephone conversation with Jeff Butler, Executive Assistant to the Warden, Seagoville Federal Correctional Institute, February 28, 2011).

## LEGAL ARGUMENT

Pearson has petitioned the Court to "make appropriate . . . modifications . . . to the length of his period of supervised release and the terms and conditions of supervised release." Defendant's Memorandum of Law in Support of Second Motion and Request for Modification of Sentence Including Terms of Supervised Release (hereinafter "Memorandum in Support of Defendant's Second Motion"), at 3. The Court has the authority to do so, Pearson maintains, under 18 U.S.C. § 3583(e)(2). *Id*. § II, at 4-5.

Pearson makes two broad substantive arguments in support of the requested relief. First, he argues that the Court cannot legally impose a number of the standard and special conditions included in the terms of supervised release – specifically Standard Conditions 1and 13, and Special Conditions 1-5, 8 and 9 – because, at least as presently written, they are unconstitutionally vague and/or impermissibly delegate judicial authority to the U.S. Probation Office. *See id*. § E, at 16-18; *id*. § F, at 18-21; *id* § I, at 32-34.

Second, he argues that both the length of his term of supervised release and the specific conditions cited above violate "the 'parsimony principle' that the sentence be 'sufficient, but not greater than necessary, to comply with the purposes' of punishment, as expressed in 18 U.S.C. []§ 3553(a)(2)." *Id*. at 6 (quoting *United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008)). The term of supervised release and the specified conditions the Court imposed are unreasonably severe, Pearson argues, because the Court improperly balanced the section 3553(a) sentencing factors; gave unwarranted weight and deference to the applicable sentencing guideline, § 2G2.2; and failed to give

sufficient weight to data that (he claims) demonstrate his risk of recidivism is minimal. *See id*. § B, at 8-11; *id*. § C, at 13; *id*. § H, at 21-27.

    A.    <u>Section 3583(e) Does Not Provide A Jurisdictional Basis to Challenge the Legality of Conditions of Supervised Release</u>

Although Pearson claims that he is seeking "clarification" of his obligations on release, *see* Memorandum in Support of Defendant's Second Motion, at 3, his principal complaint is that the Court abused its discretion in imposing a lifetime period of supervised release and including in the sentencing order a number of terms and conditions of supervised relief that will unreasonably and unnecessarily affect his life and lifestyle during his period of supervised release. *Id*. at 13. He also seeks to have a host of these same terms and conditions rescinded on the ground that, at least as presently formulated and applied to him, they are unconstitutional. *See id*. § II, at 4; *id*. § H, at 21-27.

Pearson is too late, however, to seek this relief: Section 3583(e) does not give the sentencing court jurisdiction to entertain challenges to the legality of the terms of supervised release or other errors at sentencing.

Section 3583(e)(2) vests a district court with broad discretion to reduce, modify, or add conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2); *see United States v. Woods*, 547 F.3d 515, 519 n.4 (5th Cir. 2008)(quoting

*United States v. Emerson*, 231 Fed. Appx. 349, 353 (5th Cir. 2007)). Federal Rule of Criminal Procedure 32.1 authorizes a defendant to apply to the district court for a clarification of or change to the conditions of supervised release. *See Emerson*, 231 Fed. Appx. at 353; *see also United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001)(citing *United States v. Lilly*, 206 F.3d 756, 762 (7th Cir. 2000)); Fed. R. Crim. P. 32.1 advisory committee note ("The probationer should have the right to apply to the sentencing court for a clarification or change of conditions.").

Nonetheless, the Fifth Circuit has held that section 3583(e)(2) does not invest a district court with jurisdiction to modify the conditions of supervised release on the ground that one or more of the conditions are illegal. *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999), *cited in United States v. Matthews*, 378 Fed. Appx. 451, __ (5th Cir. 2010). The Fifth Circuit relied on a Second Circuit decision, *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), which reasoned that "the 'streamlined scheme of sentencing review' established by the Sentencing Reform Act of 1984 would be disrupted by the acceptance of an interpretation of § 3583(e)(2) that 'authorized the district court, at any time, to modify or rescind an allegedly illegal condition of supervised release.'" *Hatten*, 167 F.3d at 886 (quoting *Lussier*, 104 F.3d at 37). The other circuits that have considered the question have come to the same conclusion. *See United States v. Nonahal*, 338 F.3d 668, 671 & n.1 (7th Cir. 2003); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Lussier*, 104 F.3d 32, 37 (2d Cir. 1997); *United States v. Krebs*, 944 F.2d 155, 158 n. 4 (3d Cir. 1991).

If section 3583(e)(2) does not invest the district court with the power to modify conditions of supervised relief that are illegal, it likewise does not authorize the Court to entertain a petition seeking that relief.

Pearson alternatively argues that the specified terms and conditions of supervised release included in his sentence are substantively unreasonable because they are more severe than necessary to achieve the purposes of sentencing. Memorandum in Support of Defendant's Second Motion, at 6, 13. The Court erred, Pearson maintains, in balancing the section 3553(a) sentencing factors, principally by giving unwarranted deference to the applicable sentencing guideline, section 2G.2.; and by giving undue weight to the need for incapacitation by failing to consider or giving insufficient weight to scientific studies that, he alleges, demonstrate that his risk of recidivism is "statistically insignificant." *Id*. § B, at 8-11; *id*. § C, at 13; *id*. § H, at 21-27. However, this is simply an argument that the Court's balancing of the section 3553(a) factors – the application of the law to the facts – was so unreasonable as to constitute an abuse of discretion, and, thus, a violation of section 3553(a). This argument should have been addressed to the court at sentencing or raised on direct appeal.[3] *See United States v. Raymer*, 148 Fed. Appx. 555, 557 (7th Cir. 2005)(defendant's argument that the sentencing court erred by imposing an excessive term of supervised release or including unwarranted conditions of supervised release "was a disguised request for collateral relief outside the scope of § 3583(e)(2).").

---

[3] The defendant had an opportunity to challenge the legality of the terms and conditions of supervised release at the time of sentencing, but failed to do so. He did challenge the reasonableness of the terms of supervised release on appeal, which was rejected. *See* Doc. # 76, at 2.

So too, Pearson's argument that the terms and conditions of supervised release are unconstitutional is an attack on the legality of his sentence, and must be denied.

B.    Defendant's Motion Is Premature As Long As He Remains Incarcerated

Pearson previously filed a motion with this Court seeking modifications of the terms of supervised release.  *See* Docs. # 63, #64.  The Court summarily denied the motion, finding "the arguments made in the motion are premature as Defendant remains incarcerated."  Doc. #66.  To the extent Pearson truly seeks "clarification" of or a change to the terms and conditions of supervised relief in this second motion, the request should again be denied as premature.

Under section 3583(e), the sentencing court retains the power to modify the terms and conditions of supervised relief in order to "respond to changes in the defendant's circumstances and to new ideas and methods of rehabilitation."  *See* Fed. R. Crim. P. 32.1(b) advisory committee note.; *see also United States v. Benson*, 1997 U.S. Dist. Lexis 24295, at *7 (E.D.N.C. 1997)(district court retains the power to modify restitution order where modification is warranted by a change in circumstances and it consonant with sentencing factors.).  Rule 32.1(b) gives a defendant the right to petition the court to exercise this power for two reasons: (1) a defendant should be able to obtain clarification of a term or condition without having to risk a violation and possible revocation; and (2) in case the supervising probation officer, for whatever reason, fails to bring the ambiguity to the court for resolution.  *Id*.

Pearson, however, is incarcerated and is not eligible for imminent release. As such, none of the terms and conditions of supervised release included in his sentence have any affect on his present conduct, let alone a direct and immediate affect. *See United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997)(incarcerated defendant's objection to special condition is premature; any unfairness resulting from enforcement of the condition following defendant's release can be evaluated under section 3583(e) when it occurs); *United States v. Tittermary*, 1994 WL 59366, at * 1 (incarcerated defendant's petition to modify term of supervised release was premature where effect or condition following release from custody was speculative); *cf. United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001)(if a special condition of supervised release in fact results in unreasonable interference and imposition on the defendant, he can petition the sentencing court to modify the condition). Until he is released and his circumstances determined, there can be no change in circumstances that might affect his ability to comply with the terms and conditions of supervised release.[4]

---

[4] In any event, Pearson has not pointed to any specific ambiguity in the terms and conditions of supervised release that, following his release, will directly and immediately affect his ability to comply with these terms and conditions. The fact that Pearson will be subject to these terms and conditions is not, as set forth above, a basis to seek modification of his sentence under 18 U.S.C. § 3583(e)(2).

For the reasons stated above, the government requests the Court deny the defendant's motion in its entirety.

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY


　　/S/ Paul Yanowitch
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone:  214.659.8600
Facsimile:  214.659.8618
paul.yanowitch@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March 2011, a true and correct copy of the foregoing Government's Opposition to Defendant's Second Verified Motion and Request for Modification of Sentence Including Terms of Supervised Release, was served by first-class mail on the defendant, appearing pro se, at the following address:

　　Ronald Pearson
　　Reg. No. 36037-177
　　Federal Correctional Institution - Seagoville
　　P.O. Box 9000
　　Seagoville, TX 75159-9000


　　　/S/ Paul Yanowitch
　　Assistant United States Attorney