IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:06-CR-369-O |
| | § | |
| RONALD C. PEARSON, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court are Defendant's Second Verified Motion and Request for Modification of Sentence Including Terms of Supervised Release ("Mot.")(ECF No. 78); Defendant's Memorandum of Law in Support of Second Motion and Request for Modification of Sentence Including Terms of Supervised Release ("Mem. Sup.")(ECF No. 79); and the Government's Response to Defendant's Second Motion and Request for Modification of Sentence ("Resp.")(ECF No. 80). For the reasons that follow, Defendant's motion is **DENIED**.

FACTUAL BACKGROUND

Defendant was convicted for violating 18 U.S.C. §2252(a)(2), Receipt of Child Pornography Through Interstate and Foreign Commerce. *See* ECF No. 43. On December 20, 2007 he was sentenced to 70 months in prison, and ordered to serve a life-time of supervision while adhering to certain conditions of release. *Id.* On August 1, 2008, Defendant filed a motion to vacate his conviction and sentence because he alleged that his attorney refused to file an appeal, despite the fact that Defendant specifically requested that he do so. *See* ECF No. 48. To give Defendant an opportunity to appeal, the Court re-entered judgment against Defendant so that his appellate

1

deadlines reset. *See* ECF No. 50. Defendant appealed from the re-entered judgment on May 8, 2009. *See* ECF No. 51. On appeal, Defendant asserted, among other things, that his supervised release conditions were unconstitutionally over broad and were greater than necessary to comply with the statutory requirements of sentencing. *See* ECF No. 76. On May 13, 2010, the Fifth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *Id.*

In the present motion, Defendant seeks "to modify his sentence and also reduce the length, terms, and conditions of supervised release currently in effect in his case." Mot. 1, ECF No. 78. He argues that the conditions of his supervised release violate the Rule of Parsimony, are constitutionally impermissible, conflict with his liberty interest, and generally represent an abuse of discretion. *Id.* at 2. Specifically, Defendant requests that there be no restrictions on his ability to associate with others, the ability to travel without limitations, unrestricted use of his computer and cell phones, and unrestricted access to "legal, adult heterosexual mainstream magazines and literature of a sexual nature." Mem. Sup. 2-3, ECF No. 79. He argues that the conditions of supervised release, as currently constituted, would impair his ability to carry out these activities following his release from prison.

## DISCUSSION

In this case, Defendant asserts this Court has jurisdiction to modify or eliminate certain of his conditions of supervised release, pursuant to 18 U.S.C. §3583(e)(2). Section 3583(e)(2) provides:

> (e) Modification of Conditions or Revocation.— The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised

2

    release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C. §3583(e)(2).  In support of this request, he argues that his chance of recidivism is "nil, there is no scientific evidence to conclude he would be a danger to minors in the future," and that this Court "gave inappropriate deference to Constitutionally flawed Guidelines in setting the sentence including the period, terms and conditions of supervised release."  Mem. Sup. 3, 11, ECF No. 79.

    Essentially, Defendant contends that the imposition of these conditions was illegal on three grounds: 1) they violate the parsimony principle codified by §3553(a); 2) are unconstitutionally overbroad; and 3) fail to properly balance the §3553(a) factors.  However, section 3583(e)(2) is not designed to modify conditions of supervised release because of the illegality of an imposed sentence. *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999).  Instead, to attack unlawfully imposed terms of supervised release, Defendant was required to challenge them on appeal or through a collateral attack on his sentence under 18 U.S.C. §2255.  *See Matthews v. United States*, 378 Fed. App'x 471 (5th Cir. 2010).  As a result, this Court has no jurisdiction to alter the conditions of supervised release on the asserted grounds.

    Based on the foregoing, Defendant's motion is **DENIED**.

    Signed this 12th day of July, 2011.

                                                                     Reed O'Connor
                                                                  **UNITED STATES DISTRICT JUDGE**